UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MERRI HEEREN
1536 Iris Drive
Manitowoc, WI 54220 and

PAUL WEYER
1536 Iris Drive
Manitowoc, WI 54220,

        Plaintiffs,
and

ARTISAN AND TRUCKER'S CASUALTY COMPANY
By their registered agent
CT Corporation System
301 S. Bedford Street, Ste 1
Madison, Wisconsin 53703, and

UNITEDHEALTHCARE INSURANCE COMPANY
Group # 0753316,   Member ID: xxxxx1627
By their registered agent
CT Corporation System
301 S. Bedford Street, Ste 1
Madison, Wisconsin 53703,

        Involuntary Plaintiffs,

vs

UNITED STATES OF AMERICA,

        Defendant.

---

COMPLAINT

---

NOW COME the Plaintiffs Merri Heeren and Paul Weyer, by their attorneys, Gendlin, Liverman & Rymer, S.C., by Attorney Daniel E. Meylink, as and for their cause of action allege and show to the Court as follows:

## PARTIES

1. Plaintiff Merri Heeren is an adult individual residing at 1536 Iris Drive, in the City and County of Manitowoc, State of Wisconsin 54220.

2. Plaintiff Paul Weyer is an adult individual residing at 1536 Iris Drive, in the City and County of Manitowoc, State of Wisconsin 54220.

3. Involuntary Plaintiff Artisan and Truckers Casualty Company is a foreign Corporation whose Registered Agent is CT Corporation System, 301 S. Bedford Street, Ste 1, Madison, WI 53703 and is a corporation which provides policies of automobile insurance coverage including medical payments coverage, which may have paid medical related expenses on behalf of Plaintiffs Merri Heeren and Paul Weyer for injuries they sustained in this incident; and that as a result of said payments, Artisan and Truckers Casualty Company, may have a subrogated and/or reimbursement interest herein to the extent of its payments, subject to the made whole rule governing subrogation and reimbursement in Wisconsin. Artisan and Truckers Casualty Company is a proper party hereto by reason of such payments. If Artisan and Truckers Casualty Company fails to timely and properly Answer and enter an appearance in this action, the court should find Artisan and Truckers Casualty Company has waived any right to participate in this matter and has waived any right to assert a reimbursement and/or subrogation claim. Further, if Artisan and Truckers Casualty Company fails to participate in the prosecution of this action as provided by Wisconsin law, then any alleged right it may have shall be extinguished.

4. Involuntary Plaintiff, United Healthcare Insurance Company, is a Connecticut Corporation whose Registered Agent is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703, and is a corporation which provides group health coverage to persons, namely Plaintiffs Merri Heeren and Paul Weyer, for health benefits for a fee; and that

United Healthcare Insurance Company has paid medical bills for and on behalf of Plaintiff Merri Heeren and Plaintiff Paul Weyer for the injuries they sustained in this incident; and that as a result of said payments, United Healthcare Insurance Company may have a subrogated and/or reimbursement interest herein to the extent of its payments, subject to the made whole rule governing subrogation and reimbursement in Wisconsin. United Healthcare Insurance Company is a proper party hereto by reason of such payments. If United Healthcare Insurance Company fails to timely and properly Answer and enter an appearance in this action, the court should find United Healthcare Insurance Company has waived any right to participate in this matter and has waived any right to assert a reimbursement and/or subrogation claim. Further, if United Healthcare Insurance Company fails to participate in the prosecution of this action as provided by Wisconsin law, then any alleged right it may have shall be extinguished.

5. Defendant United State of America is a sovereign nation, against whom claims are brought arising out of the negligent acts of any employee of the government and its agencies, including the United States Coast Guard, while acting within the scope of their employment as governed by the Federal Tort Claims Act as set forth in 28 USC §§1346(b), 2671 through 2680.

## JURISDICTION AND VENUE

6. This is a case involving the Federal Tort Claims Act with a Federal Agency, a foreign insurance company, a foreign health insurance company and Wisconsin residents, as more fully plead below. As such, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C., §§ 1346(b), §§ 2201, 2202 and 2671-2680. All administrative remedies available to the Plaintiffs have been exhausted.

7. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1401(b) as this tortuous act occurred within this District and the action concerns parties residing in or doing business in the

Eastern District of Wisconsin.

## COMPLIANCE WITH ADMINISTRATIVE CLAIM REQUIREMENT
## PLAINTIFF MERRI HEEREN

8. That on August 28, 2024, Plaintiff Merri Heeren formally notified the United States Coast Guard of a claim for personal injuries.

9. That on April 15, 2025, Merri Heeren presented to the United States Coast Guard, a claim for personal injuries on Standard Form 95 in the amount of $193,402.24 (One Hundred-Ninety Three Thousand-Four Hundred and Two Dollars and Twenty-Four Cents).

10. That more than six months has passed since the United States Coast Guard has had formal notice of this claim for personal injuries.

## FACTUAL ALLEGATIONS- PLAINTIFF MERRI HEEREN

11. That on April 1, 2024 at approximately 6:52 p.m., Plaintiff Merri Heeren was the belted operator of a 2023 Nissan Sentra traveling in the northbound right lane of travel on Interstate 43 in Manitowoc County; at the same time Jacob N. Coooper, the operator of a Utility Truck owned by the United States Coast Guard, deviated from his left northbound lane of travel and struck the Plaintiffs' vehicle.

12. That Jacob N. Cooper's negligence in the operation of the above-described vehicle included, but was not limited to, failing to maintain control of his vehicle, failing to maintain a lookout, and operating at an unsafe speed for road conditions.

13. That the negligence of Jacob N. Cooper was the cause of injuries and damages sustained by Plaintiff Merri Heeren.

14. As a direct and proximate result of Jacob N. Cooper's negligence, Merri Heeren has suffered bodily injuries including, but not limited to, left shoulder strain/sprain, neck

strain/sprain, back strain/sprain, left hip strain/sprain and right knee pain; Merri Heeren incurred medical expenses experienced pain and suffering and is substantially certain to incur these damages in the future.

15. That the Plaintiff Merri Heeren sustained property damage to her vehicle and towing and storage fees as a result of Jacob N. Cooper's negligence.

16. Defendant United States of America is joined as a defendant in its capacity as employer of Jacob N. Cooper and is legally responsible for the negligent acts and omissions of its employee Jacob N. Cooper; further, the United States of America negligently entrusted a company vehicle to Jacob N. Cooper and/or failed to properly train Jacob N. Cooper.

## COMPLIANCE WITH ADMINISTRATIVE CLAIM REQUIREMENT
## PLAINTIFF PAUL WEYER

17. That on August 28, 2024, Plaintiff Paul Weyer formally notified the United States Coast Guard of a claim for personal injuries.

18. That on November 27, 2024, Paul Weyer presented to the United States Coast Guard a claim for personal injuries on Standard Form 95 in the amount of $37,208.30 (Thirty-Seven Thousand-Two Hundred Eight Dollars and Thirty Cents).

19. That more than six months has passed since the United States Coast Guard has had formal notice of this claim for personal injuries.

## FACTUAL ALLEGATIONS- PLAINTIFF PAUL WEYER

20. That on April 1, 2024 at approximately 6:52 p.m., Plaintiff Paul Weyer was the belted front seat passenger in a 2023 Nissan Sentra traveling in the northbound right lane of travel on Interstate 43 in Manitowoc County; at the same time Jacob N. Coooper, the operator of a Utility Truck owned by the United States Coast Guard, deviated from his left northbound lane

of travel and struck the Plaintiffs' vehicle.

21. That Jacob N. Cooper's negligence in the operation of the above-described vehicle included, but was not limited to, failing to maintain control of his vehicle, failing to maintain a lookout, and operating at an unsafe speed for road conditions.

22. That Jacob N. Cooper's negligence was the cause of injuries and damages sustained by Plaintiff Paul Weyer.

23. As a direct and proximate result of Jacob N. Cooper's negligence, Paul Weyer has suffered bodily injuries including, but not limited to, a neck strain/sprain, shoulders strain/sprain and headaches; Paul Weyer incurred medical expenses, experienced pain and suffering and is substantially certain to incur these damages in the future.

24. Defendant United States of America is joined as a defendant in its capacity as employer of Jacob N. Cooper and is legally responsible for the negligent acts and omissions of its employee, Jacob N. Cooper; further, the United States of America negligently entrusted a company vehicle to Jacob N. Cooper and/or failed to properly train Jacob N. Cooper.

## JURY DEMAND

25. Plaintiff Merri Heeren and Plaintiff Paul Weyer hereby request a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Merri Heeren and Paul Weyer respectfully pray this Court enter judgment against the Defendant, United States of America, as following:

1. On behalf of the Plaintiff Merri Heeren for compensatory damages in the amount of $193,402.24 and costs.

2. On behalf of the Plaintiff Paul Weyer for compensatory damages in the amount of $37,208.30 and costs.

3. With regard to Artisan and Truckers Casualty Company, and United Healthcare Insurance Company;

    a. Dismissing their subrogation and/or reimbursement interest in this matter in their entirety;

    b. In the alternative, if Artisan and Truckers Casualty Company and/or United Healthcare Insurance Company fail to timely answer and appear, or fail to participate in the prosecution of this action as provided under Wisconsin law, then for dismissal of Artisan and Truckers Casualty Company, and/or United Healthcare Insurance Company and extinguishment of those alleged rights and interests in their entirety.

4. For such other and further relief that the court deems just and equitable.

/s/ Daniel E. Meylink
By:_____
Daniel E. Meylink
WI State Bar No: 1036263
ED WI
Attorney for Plaintiffs
Merri Heeren and Paul Weyer
Gendlin, Liverman & Rymer, S.C.
10335 W. Oklahoma Avenue, Ste 300
Milwaukee, WI 53227
Phone: (414) 272-3399
Email: dmeylink@glr-law.com